IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAY 0 6 2020

JAMES W. McCORMACK, CLERK
By:_____ DEP CLERK

EDDIE HUMES SR.                                          PLAINTIFF

VS.                              CASE NO. _4:20-CV-479-LPR_

WHITE COUNTY, ARKANSAS,
A Public Body Corporate and Politic,
PHILLIP MILLER, In His Official
Capacity as the Sheriff of Pulaski          This case assigned to District Judge _Rudofsky_
County, Arkansas, CLAYTON EDWARDS,          and to Magistrate Judge_____Ray_____
In His Individual and Official Capacity
as Jail Administrator, Lt. M. JONES,
and S. GRAY, In Their Individual and
Official Capacities as Sheriff Deputies for
White County, Arkansas, and Nurse HALL              DEFENDANTS

COMPLAINT

I.
Introduction

The plaintiff Eddie Humes Sr. brings this action in order to recover damages against the

defendants pursuant to the Fifth and Fourteenth Amendments to the United States Constitution, in

that the defendants were deliberately indifferent to the serious medical needs of the plaintiff. This

cause of action is also being brought seeking damages for medical negligence. This cause of action

is also being brought pursuant to 42 U.S.C.S. § 1983.

II.
Jurisdiction

1.      Jurisdiction of this Court is being invoked pursuant to 28 U.S.C.S. § 1343. Relief

is pursuant to 42 U.S.C.S. § 1983 and the Fifth and Fourteenth Amendments to the United States

1

Constitution. The Court is also asked to assume supplemental jurisdiction over the plaintiff's state law claims.

2.      This is also an action seeking declaratory relief pursuant to 28 U.S.C.S. § 2201 to declare the rights and other relations between the parties and for damages.

III.
Parties

3.      The plaintiff is a resident of White County, Arkansas, and is a citizen of the United States of America.

4.      The defendant White County, Arkansas, is a public body corporate created by the General Assembly for the State of Arkansas pursuant to Ark. Code Ann. § 14-14-501. White County, Arkansas owns and operates a sheriff department to keep the peace and order of said county. Furthermore, said county owns and operates a county jail for the purpose of housing pre-trial and post-trial detainees.

5.      The defendant Phillip Miller is the duly elected sheriff of White County, Arkansas, and is charged with the responsibility of training his deputies, and has the overall executive responsibility of the White County Detention Facility.

6.      The defendant Clayton Edwards at the time of the plaintiff's injury, was employed in the capacity as jail administrator/supervisor for the White County Sheriff's Department. The defendant Clayton Edwards is being sued in his individual and official capacity.

7.      The defendant Lt. M. Jones at the time of the plaintiff's injury, was employed in the capacity as jailer/deputy for the White County Sheriff's Department. The defendant Lt. M. Jones is being sued in his individual and official capacity.

2

8.     The defendant S. Gray at the time of the plaintiff's injury, was employed in the capacity as jailer/deputy for the White County Sheriff's Department.  The defendant S. Gray is being sued in his/her individual and official capacity.

### III.
### Factual Allegations

9.     The plaintiff was arrested on October 19, 2017.

10.    Members of the Bald Knob Police Department responded to an allegation of theft of a purse, supposedly committed by the plaintiff.

11.    The officers contended that they had a search warrant, when in fact that they did not.

12.    After being told that they had a search warrant, the plaintiff allowed them to come into his home in order to search for the purse, which they did not find.

13.    While supposedly searching for the purse, the officers found marijuana, marijuana pipe, methadone pill, for which the plaintiff had a prescription, and a needle.

14.    The plaintiff was arrested and taken to the White County Sheriff's Department, and was confined in its jail.

15.    The plaintiff was placed in the jail's "drunk tank."

16.    While being confined in the "drunk tank," the plaintiff was bitten by a brown recluse spider, which occurred on or about October 20, 2017, at approximately 2:00 a.m..

17.    The plaintiff called for the jailers to respond after being bitten, and they arrived approximately one (1) hour later.

18.    When the jailers responded, the plaintiff's right arm was badly swollen, and the plaintiff showed the jailers the spider that had bitten him.

3

19.    The next day, October 21, 2017, Nurse Hall saw the plaintiff, and noticed that his arm was badly swollen and red.

20.    Nurse Hall told the plaintiff that it looked like he had staph infection, but the plaintiff denied that he had staph infection, telling Nurse Hall that he had been bitten by a spider.

21.    Despite the obvious need for medical treatment, Nurse Hall did not provide any further medical treatment to the plaintiff, after seeing his hand and arm were badly swollen and infected.

22.    The plaintiff complained constantly to jail staff and the jail administrator about his hand and arm, but was provided no relief.

23.    The plaintiff was in tremendous pain, and advised the jail staff that he needed to see a doctor, but to no avail.

24.    The plaintiff put in several sick calls to be seen by a doctor, but was not allowed to see a doctor.

25.    The plaintiff put in another sick call on October 24, 2017, advising that his hand is swollen really bad, and that he was in a lot of pain.  The plaintiff asked to be helped right away.

26.    Deputy S. Gray responded to the plaintiff's sick call by saying that the plaintiff would be placed on the sick list call for tomorrow – October 25, 2017.

27.    Although the plaintiff was placed on sick call for October 25, 2017, the plaintiff was not seen by a doctor.

28.    On October 25, 2017, at 7:27 a.m., the plaintiff filed a grievance - #2,262,103, complaining that he had been bitten by a spider some four (4) days ago, and that his arm was badly swollen, and that he was in constant pain, but that the jail staff and Nurse Hall had ignored his pleas for medical attention.

4

29.     Lt. M. Jones responded on October 25, 2017, at 8:25 a.m., stating that the plaintiff needed to fill out a sick call, and that they would call "Marty," the bug man.

30.     Mr. Humes was finally taken to the White County Medical Center on October 25, 2017, where x-rays were performed.

31.     Mr. Humes was diagnosed with Cellulitis Right Hand.

32.     Carey Martin, M.D., prescribed the following medications for Mr. Humes: a) *Morphine Sulfate* – 5 mg, b) *Norco* – 5 mg, c) *Rocephine*[1] – 2 gram, d) *Keflex* – 500 mg, and *Naprosyn* – 250 mg.

33.     The above-mentioned medications were not provided to the plaintiff, as they were not purchased by White County Detention Facility.

34.     *Morphine Sulfate* is a narcotic that is prescribed for moderate to severe pain. *Narco* is also a narcotic to treat pain. *Rocephine* is antibiotic used to treat infection and is given intravenously. *Keflex* is an antibiotic used to treat infection. *Naprosyn* is a nonsteroidal anti-inflammatory drug.

35.     Upon information and belief, the plaintiff was seen by a doctor at the jail on October 26, 2017, and was immediately told that he needed to be taken back to White County Medical Center due to running a high fever.

36.     The plaintiff was seen at White County Memorial at approximately 4:00 p.m., on October 26, 2017.

37.     The plaintiff was seen by Delany Kinchen, M. D., at White County Memorial, with his arm and hand severely swollen, redness of his arm and hand. The plaintiff was reported as having a fever of 103°.

---

[1] To be given intravenously by the hospital.

38.     Dr. Kinchen diagnosed the plaintiff as having cellulitis of the right hand with abscess of the right hand.

39.     Dr. Kinchen advised the jailers that Mr. Humes needed to have immediate surgery on his hand.

40.     Upon hearing that Mr. Humes needed to be hospitalized, and needing to have surgery, the defendants took immediate actions to have him released, due to not wanting to have the expenses of hospitalization and surgery.

41.     On October 26, 2017, White County Memorial conducted a CT scan of the plaintiff's right hand, finding that the infection had gone down to his bone.

42.     The CT scan revealed that "[t]here is a rim-enhancing fluid collection which measures approximately 4.4 cm x 3.2 cm x 1.7 cm within the soft tissues dorsal to the base of the right thumb consistent with soft tissue abscess."

43.     White County Sheriff's Department released Mr. Humes from their custody as of October 27, 2017.

44.     The plaintiff was in the hospital for approximately ten (10) days.

45.     Once the plaintiff was released from the hospital, he had to have the services of home health to attend to his severe wound.

46.     Due to the wound that the plaintiff suffered, and the failure to provide him with timely needed medical care, he has suffered permanent damage to his thumb area of his right hand.

## V.
### Deprivation of Civil Rights

47.     The plaintiff incorporates by reference the allegations contained in paragraphs 1-46 of the plaintiff's complaint, and adopts each as if set out herein word for word.

48.     Mr. Humes was a pre-trial detainee of the White County Detention Facility.

49.    The defendants were well aware of the decedent's serious medical needs, knowing that he had been bitten by a spider, and was in need of medical attention.

50.    The plaintiff repeatedly told the defendants that he had been bitten by a spider, and presented with a severely swollen arm and hand, which obviously demonstrated that he was in serious need of medical attention.

51.    From October 20, 2017 until October 25, 2017, the plaintiff repeatedly advised the jail staff that he was in need of medical attention for a serious medical need, that was readily apparent, and would have alerted any lay person that he needed medical attention.

52.    However, the plaintiff's cries fell on deaf ears for several days, causing the plaintiff to have to linger in pain and distress for several days.

53.    The plaintiff attempted to get help for his serious medical need; however, the defendants were deliberately indifferent towards his serious medical needs, which resulted in his wound becoming badly infected, causing the plaintiff to have to spend time in the hospital.

54.    The defendants were deliberately indifferent towards the plaintiff's serious medical needs, which resulted in the plaintiff being subjected to unnecessary and wanton infliction of pain, in violation of his United States Constitution's protection against cruel and unusual punishment, as prohibited by the Eighth Amendment as well as the due process clauses of the Fifth and Fourteenth Amendments.

55.    White County through its sheriff failed to see that its staff was properly trained to deal with the medical needs of its pre-trial detainees, and such failure to train amounted to deliberate indifference, in violation of the plaintiff's federally protected rights as secured by the Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

56.     Furthermore, upon information and belief, Clayton Edwards, as Jail Administrator, was more concerned about incurring medical expenses on behalf of the county, that he allowed the plaintiff's medical condition to worsen, rather than providing the plaintiff with proper medical treatment, which resulted in the plaintiff's medical condition deteriorating to the point that he had to be hospitalized.

57.     The defendants' acts of deliberate indifference towards the plaintiff's serious medical needs, violated the plaintiff's rights as governed by the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, and that said rights are enforceable pursuant to 42 U.S.C.S. § 1983.

58.     The defendants' acts of deliberate indifference towards the plaintiff's serious medical needs, evidence an intent to punish the plaintiff in violation of the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution, and that said violations are enforceable pursuant to 42 U.S.C.S. § 1983.

59.     The defendants were acting under color of law when they detained the plaintiff and placed him in jail.

60.     The defendants, acting under color of law, intentionally, negligently, and with complete and deliberate indifference towards the serious medical needs of the plaintiff, caused the plaintiff to be deprived of his constitutional rights including but not limited to the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution, by failing to supervise and properly train its staff, and by failing to promulgate an adequate training program designed to eliminate such inadequacies in the operation of its jail, which proximately caused the plaintiff's injuries, some of which are permanent in nature.

61. Furthermore, Defendants White County, Arkansas, and its Sheriff Phillip Miller, as well as its Jail Administrator Clayton Edwards, have a policy, custom, and practice of failing and/or refusing to provide proper medical care to its inmates, due to financial concerns, and it is this policy, custom, and practice, which resulted in the constitutional deprivations as suffered by the plaintiff.

## V.
### Damages

62. The plaintiff incorporates by reference the allegations contained in paragraphs 1-61 of the plaintiff's complaint, and adopts each as if set out herein word for word.

63. The plaintiff experienced pain and suffering due to the defendants' acts of deliberate indifference towards his serious medical needs, in an amount to be proven at trial.

64. Also, a direct and proximate cause of the constitutional deprivations as complained herein, the plaintiff has experienced mental anguish, in an amount to be proven at trial.

65. Also, as a direct and proximate cause of the constitutional deprivations as complained herein, the plaintiff has incurred medical expenses, due to the defendants' acts of deliberate indifference towards his serious medical needs, in an amount to be proven at trial.

66. The above-mentioned acts were committed by the defendants with malice or with complete disregards towards the plaintiff's federally protected rights, that punitive damages are warranted.

### JURY DEMAND

67. The plaintiff requests that this matter be tried before a fair and impartial jury of twelve (12) persons.

THEREFORE, the plaintiff is seeking the following relief for the above described acts of deliberate indifference towards the plaintiff's serious medical needs:

a.    compensatory damages jointly and several against all defendants;

b.    punitive damages against the above-named defendants;

c.    injunctive relief to prevent the reoccurrence of the misconduct alleged in this complaint;

d.    attorney's fees pursuant to 42 U.S.C.S. § 1988 as well as his cost in having to prosecute this action; and

e.    such further relief as this Court may deem appropriate under the law and the circumstances.

Respectfully submitted,

PORTER LAW FIRM
The Tower Building
323 Center Street, Suite 1035
Little Rock, Arkansas 72201
Telephone: 501-244-8200
Facsimile: 501-372-5567
E-mail: Aporte5640@aol.com

By:    _____
Austin Porter Jr., No. 86145

Dated: May 5, 2020