# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

EDDIE HUMES, SR.                                                                                                PLAINTIFF

V.                                        No. 4:20-cv-479-LPR

WHITE COUNTY, ARKANSAS, a Public
Body Corporate and Politic; PHILLIP MILLER,
In His Official Capacity as Sheriff of White County, Arkansas;
CLAYTON EDWARDS, In his Individual and Official
Capacity as Jail Administrator; LT. M. JONES and
S. GRAY, in their Individual and Official Capacities
as Sheriff Deputies of White County, Arkansas; and
NURSE HALL                                                                                                    DEFENDANTS

## ANSWER OF CHASSITY HALL TO COMPLAINT

Comes separate defendant, Chassity Hall, by and through counsel, for her answer to the complaint of plaintiff, and states as follows:

1. Ms. Hall denies the allegations contained in paragraph I of the complaint.

2. Ms. Hall admits that subject matter jurisdiction and venue are appropriate in this Court as alleged in paragraph II.1 of the complaint. She denies the remaining allegations contained in paragraph II.1 of the complaint.

3. Ms. Hall denies the allegations contained in paragraph II.2 of the complaint.

4. Ms. Hall is without sufficient information to admit or deny the allegations contained in paragraph II.3 of the complaint and, therefore, denies same.

5. The allegations contained in paragraphs III.4 through III.8 of the complaint are not directed at Ms. Hall and, therefore, do not require a response from her. To the

extent that any allegations contained in those paragraphs imply or assert liability on the part of Ms. Hall, those paragraphs are expressly denied.

6. Ms. Hall is without sufficient information to admit or deny the allegations contained in paragraph III.9 of the complaint and, therefore, denies same.

7. The allegations contained in paragraphs III.10 through III.15 of the complaint are not directed at Ms. Hall and, therefore, do not require a response from her. Ms. Hall is without sufficient information to admit or deny the allegations contained in those paragraphs, and therefore, denies same. To the extent that any allegations contained in those paragraphs imply or assert liability on the part of Ms. Hall, those paragraphs are expressly denied.

8. The medical and jail records of plaintiff speak for themselves as to the medical care that he received, the dates of such treatment, and the providers involved. Ms. Hall denies the allegations contained in paragraphs III.16 through III.39 of the complaint to the extent that the allegations are inconsistent with those medical and jail records. Ms. Hall denies that she is the "Nurse Hall" identified in plaintiff's complaint. She denies the remaining allegations contained in those paragraphs.

9. The allegations contained in paragraph III.40 of the complaint are not directed at Ms. Hall and, therefore, do not require a response from her. To the extent that any allegations contained in that paragraph implies or asserts liability on the part of Ms. Hall, that paragraph is expressly denied.

10. The medical records of plaintiff speak for themselves as to the medical care that he received, the dates of such treatment, and the providers involved. Ms. Hall denies the allegations contained in paragraphs III.41 through III.42 of the complaint to the extent

that the allegations are inconsistent with those medical records. Ms. Hall denies the remaining allegations contained in those paragraphs.

11. Ms. Hall is without sufficient information to admit or deny the allegations contained in paragraphs III.43 through III.45 of the complaint and, therefore, denies same.

12. Ms. Hall denies the allegations contained in paragraph III.46 of the complaint.

13. Ms. Hall incorporates her responses to the preceding paragraphs I through III.46 in response to paragraph V.47 of the complaint.

14. The allegations contained in paragraphs V.48 through V.61 of the complaint are not directed at Ms. Hall and, therefore, do not require a response from her. To the extent that any allegations contained in those paragraphs imply or assert liability on the part of Ms. Hall, those paragraphs are expressly denied.

15. Ms. Hall incorporates her responses to the preceding paragraphs I through V.61 in response to paragraph V.62 of the complaint.

16. Ms. Hall denies the allegations contained in paragraphs V.63 through V.66 of the complaint.

17. Ms. Hall joins plaintiff's request for a trial by jury of twelve (12) of all matters of fact triable to a jury in this cause pursuant to the Arkansas and United States Constitutions and Fed. R. Civ. P. 38 as requested in paragraph 67 of the complaint.

18. Ms. Hall denies the allegations contained in the "THEREFORE" paragraph of plaintiff's complaint. Ms. Hall denies that plaintiff is entitled to the relief sought in the "THEREFORE" paragraph of the complaint from her, including all subparts contained therein.

19. Ms. Hall denies every material allegation not specifically admitted herein. Specifically, Ms. Hall denies that she is the "Nurse Hall" referenced in plaintiff's complaint or that she is a proper party to this suit.

20. Ms. Hall reserves the right to amend this answer and plead further as additional information becomes available in the course of discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of this Court.

21. Pleading affirmatively, plaintiff's complaint to the extent that it alleges medical malpractice against a "Nurse Hall" is barred by the statute of limitations as addressed in the contemporaneously filed motion to dismiss and supporting brief.

22. Pleading affirmatively, plaintiff's complaint fails to comply with the requirements of the Arkansas Medical Malpractice Act as amended by the Civil Justice Reform Act of 2003 and, therefore, should be dismissed.

23. Pleading affirmatively, plaintiff's complaint should be dismissed for failure to comply with the exhaustion requirements of the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, as to any claims against this defendant.

24. Pleading affirmatively, Ms. Hall states that at no time has she engaged in conduct that resulted in Mr. Humes's constitutional rights being violated.

25. Pleading affirmatively, Ms. Hall states plaintiff's complaint against her should be dismissed as she is not a state actor nor were her acts under the color of state law. As such, no claim under 42 U.S.C. § 1983 or any other civil rights statute can be brought against her.

26. Pleading affirmatively, Ms. Hall asserts that plaintiff fails to state a cognizable claim under 42 U.S.C. § 1983 against her, and so, the complaint against her

should be dismissed pursuant to Rule 12(b)(6) of Federal Rules of Civil Procedure as addressed more fully in the contemporaneously filed the motion to dismiss and supporting brief.

27. Pleading affirmatively, Ms. Hall asserts that plaintiff's claims may be barred by any or all of the affirmative defenses set forth in Rule 8(c) of the Federal Rules of Civil Procedure. The extent to which plaintiff's claims may be barred by one or more of said affirmative defenses, not specifically set forth herein, cannot be determined until Ms. Hall has an opportunity to complete discovery. Therefore, Ms. Hall incorporates all said affirmative defenses as if fully set forth herein.

28. Pleading affirmatively and without alleging fault on the part of any other defendant, Ms. Hall asserts the substantive law benefits of apportionment of fault as permitted by the Arkansas Civil Justice Reform Act of 2003 and the Uniform Contribution Among Tortfeasors Act, as amended by Act 1116 of 2013.

29. Pleading affirmatively and without alleging fault on the part of any other defendant, Ms. Hall states that any injuries suffered by plaintiff were the fault of persons or entities other than it over which it exercises no dominion or control, regardless of whether these parties or entities are named as a defendant.

30. Pleading affirmatively, Ms. Hall asserts the defense of contributory fault on the part of plaintiff, which operates as a bar, in whole or in part, of plaintiff's claims against it.

31. Pleading affirmatively, Ms. Hall asserts that any damages or injuries sustained by plaintiff were the result of a superseding or intervening cause over which this defendant had no control and for which she is not liable.

32. Pleading affirmatively, Ms. Hall is entitled to qualified immunity from damages to the extent that she is deemed a state actor, agent, or employee.

33. Pleading affirmatively, plaintiff's claim for punitive damages is barred because Ms. Hall has not engaged in conduct with evil motive or intent or with reckless or callous indifference to plaintiff's rights.

34. Pleading affirmatively, plaintiff's claim for punitive damages is in violation of the Arkansas Constitution and United States Constitution and should be dismissed for each of the following reasons:

   a. There is no definitive standard for setting the amount of punitive damages and, therefore, an award of punitive damages without requiring plaintiff to prove every element beyond a reasonable doubt or, in the alternative, by clear and convincing evidence, violates separate defendant's due process rights under the United States Constitution, including the Fourteenth Amendment thereto, and the Constitution of the State of Arkansas, which provides equal or greater protection than does the United States Constitution. Absent a high standard of proof, an award of punitive damages constitutes a taking without due process of law.

   b. An award of punitive damages violates separate defendant's due process and equal protection rights guaranteed by the United States Constitution, including her Fourteenth Amendment, and the Double Jeopardy Clause of the United States Constitution, as incorporated into the Fourteenth Amendment, and the Constitution of the State of Arkansas, which provides equal or greater protection than does the United States Constitution in that a jury (1) is not provided a standard of sufficient clarity for determining the appropriateness, or the appropriate size, of a punitive damages award; (2) is not instructed on the limits of punitive damages imposed by the applicable principles of deterrence and punishment; (3) is not expressly prohibited from awarding punitive damages in whole or in part on the basis of insidiously discriminatory characteristics of a defendant; (4) is permitted to award punitive damages under a vague and arbitrary standard that does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible; (5) is not subject to judicial review on the basis of objective standard; and (6) is not required to consider the character and degree of the

        alleged wrong because there is no standard of comparison for imposition of punitive damages.

    c.    An award of punitive damages under a process which fails to bifurcate the issue of punitive damages from the remaining issues violates Turn Key's due process rights guaranteed by the United States Constitution, including its Fourteenth Amendment, and the Constitution of the State of Arkansas which provides equal or greater protection than does the United States Constitution.

35.    Pleading affirmatively and without admitting that plaintiff is legally entitled to damages in this action, Ms. Hall states that should a jury award for future damages in excess of $100,000, then pursuant to Ark. Code Ann. § 16-114-208, the Court should order that all such future damages shall be paid by periodic payments rather than by a lump-sum payment.

WHEREFORE separate defendant, Chassity Hall, having fully answered the complaint of plaintiff, prays that plaintiff's complaint against her be dismissed with prejudice, for her costs herein incurred, and for all other relief to which she may be entitled.

Respectfully submitted,

**Anderson, Murphy & Hopkins, L.L.P.**
MARK D. WANKUM (Bar No. 2008185)
AMELIA F. BOTTEICHER (Bar No. 2017115)
*Attorneys for Chassity Hall*
400 West Capitol Avenue, Suite 2400
Little Rock, Arkansas 72201-4851
Telephone:   501-372-1887
Facsimile:    501-372-7706
Email:        wankum@amhfirm.com
                botteicher@amhfirm.com